Cuma, per O’Neall, J.
The liability of the defendant to the demand of the plaintiff, so far as it is contested, depends upon the construction of the act of 1827, (acts of 1827, p. 57.) It provides that the sheriff shall be entitled to charge “ for conveying prisoners from one district to another, for every mile going and returning in addition to all necessary charges, six cents per mile.” These charges, in the usual administration of justice, are not to be paid by the State, unless the defendant should be acquitted, or be unable to pay the same. But the conveying of a prisoner under habeas corpus from one district to another, is not in the usual administration of justice. It is done at the instance of the prisoner, and for his benefit alone ; and it hence follows, that whether acquitted or convicted, he must pay all legal and proper charges in that behalf. What is meant by the words, “ in addition to all necessary charges ? ” It seems to me, that by the plainest rule of interpretation, the ordinary and usual import of the words, it means that the sheriff 'may charge for all expenses which are necessary, in order to enable him, properly and safely, 1o convey the prisoner. For these are necessary charges. Under this interpretation, not only the money paid for the support of the sheriff and the prisoner, in going to and returning from Columbia, is covered, but also the horse hire and the hire of a guard. The horse was necessary to carry the prisoner, and the guard was also necessary for his safe keeping. In relation to the guard, it maybe remarked, that the legislature have regulated the .number to be employed, and the charges of the sheriff in this behalf, are constantly allowed, and paid in the contingent accounts. This shows that the legislature regard as proper, that the sheriff should employ a guard in con *303 veying a prisoner from one district to another, and hence, I think, it follows, when he is conveyed at his own instance, he must pay the same charges which the State might be compelled to pay, if he was conveyed at her instance. .
Wardlctw & Perrin, for the plaintiff.
Burt & Thompson, for the defendant.
The motion on the part of the defendant is dismissed; that on the part of the plaintiff is granted.
Evans, Earle and Butler, Justices, concurred.